### TOWN OF WAKEFIELD *vs.* TOWN OF ALTON.

The book of selectmen, containing the invoice of the inhabitants of a town, and the sums carried out against each individual's name, is not conclusive evidence of the assessment of such individual, but is subject to alteration, and correction, by the selectmen, until recorded in the town book, or left with the town clerk for that purpose.

To gain a settlement in a town, under the fourth mode prescribed in the statute of Jan. 1st, 1796, a person must be owner of real estate of the value of $150, or personal estate of the value of $250, the full term of four years.

THIS was an action of assumpsit for relief furnished to *George Treferin* and family, paupers, alleged to have their settlement in *Alton.*

At the trial here, Feb. term, 1825, on the general issue, the plaintiffs attempted to prove the settlement of the paupers in *Alton*, by the taxation of said *George* seven years for his poll. Also by the fact, that the father of said *George* had owned real estate, of the value of $150, in said *Alton*, for which he had been taxed four years, previous to said *George's* being twenty-one years of age.

To shew, that said *George* had been taxed for his poll in 1812, the plaintiffs offered, in evidence, the invoice, and assessment, against him for his poll that year, as on record in the selectmen's books.

The defendants then offered, in evidence, the town clerk's book of records for *Alton*, from which it appeared, that the

invoice and assessments of that year were by him recorded, and that such record did not contain any invoice or assessment of said *George*.

The list of taxes and warrant, delivered to the collector of *Alton*, for the year 1812, was not produced by either party, nor any sufficient reason assigned for their non-production.

The court instructed the jury, that it was their duty to consider the evidence arising from the book kept by the selectmen, the record in the town clerk's book, and the non-production of the list of taxes, and warrant, delivered to the collector, and from these to determine, whether said *George* was taxed that year in *Alton* or not.

The court further instructed the jury, that, unless the father of said *George* had owned real estate, in *Alton*, of the value of $150, or personal estate of the value of $250, during four full years previous to said *George's* arriving of age, he, *George*, would not derive a settlement from him, although the father had been annually taxed four years for real estate to that amount, and paid all such taxes.

A verdict was found for the defendants, and the counsel for the plaintiffs excepted to the foregoing instructions, and moved for a new trial.

*Sawyer* and *Woodbury*, for the plaintiffs.

*Mason*, for the defendants.

GREEN, J. delivered the opinion of the court.

The defendants predicate their motion for a new trial, on two grounds ; the first is, that the book of the selectmen of *Alton*, for the year 1812, containing the invoice of said *George* that year, with a sum carried out against his name, was submitted to the jury as evidence, from which they were to determine, whether he was in fact taxed that year for his poll in *Alton* ; whereas, upon the exhibition of the book, it was the duty of the court to determine, whether it furnished conclusive evidence of that fact or not.

This objection is, unquestionably, well founded ; and there is no doubt, that this evidence was proper for the consideration of the court and not the jury ; and if the plaintiff has suffered from the inadvertence of the court, in this particular, he must have another opportunity to assert his rights.

Wakefield
*vs.*
Alton.

At the time of trial, we had no doubt, and have not since entertained any, that the book of the selectmen containing the invoice &c. is not conclusive evidence of the assessment of the individuals named therein ; that such books are to be considered merely as containing the minutes of the selectmen, from which they are to make the assessments ; that such assessments are not perfected, until recorded in the town book, or left with the town clerk for that purpose ; and that they are always subject to any alteration or correction by the selectmen, until so recorded or left. Upon this view of the case, it was the duty of the court, at the time of trial, to declare the incompetency of this evidence, for the purpose it was introduced ; but instead of this, it was submitted to the jury ; and they have also said, it was insufficient. In this state of things, how are the plaintiffs injured ? They are surely in no worse condition than if the *court* had decided the question against them ; but they have the opinion of the jury in addition to that of the court, that this point in the case, could not be supported by such testimony.

Under these circumstances we feel it our duty to say, that this objection furnishes no ground for a new trial.

The other objection, " that the jury were instructed, that unless the father of said *George* had owned real estate, of the value of $150, or personal estate of the value of $250, in *Alton*, during four full years previous to said *George's* arriving of age, he, *George*, would not derive a settlement from him, although the father had been annually taxed four years for real estate to that amount, and paid all such taxes," we also think ought not to prevail.

The decision of this question depends on the construction of that part of the statute of Jan. 1st, 1796, which prescribes the 4th mode, by which a settlement may be gained, 1 *N. H. Laws* 362, and which provides, that

" Any person of twenty-one years of age, and upwards, having real estate of the value of $150, or personal estate of the value of $250, in the town, or district, where he

Wakefield
*vs.*
Alton.

dwells and has his home, and shall, for the term of four years, pay all taxes, duly assessed, on his poll, and the estate aforesaid, shall thereby gain a settlement in such town or district."

It has been contended, that by being taxed annually, for four years, and paying those taxes, for such estate, the statute is fully satisfied, although the pauper may have parted with the property before the four years expired ; but we do not view the statute in that light, but think it equally as necessary, that he should continue the owner of the estate for four years, as that he should pay the taxes assessed upon it, to enable him to acquire a settlement.

This question occurred in Massachusetts, in a case analogous to the present, *the inhabitants of Boston vs. the inhabitants of Wells,* (*Mass. Rep. vol.* 14, *p.* 384,) and the question was, whether the pauper had gained a settlement under the section of their statute, which is as follows :

" Any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold in the town or district, where he dwells, and has his home, of the yearly income of £3, and taking the rents and profits thereof, three years successively, whether he lives thereupon or not, shall thereby gain a settlement."

To gain a settlement under this provision of the statute, it was said by the court, that the person must dwell and have his home in the town three years, and have an estate of the required income, during the whole of the same three years, during which he so dwells and has his home.

We entertain no doubt of the correctness of this decision. The instruction to the jury, was, consequently, proper, and there must be

*Judgment on the verdict.*