## TAMWORTH *v.* FREEDOM.

The payment of taxes for seven successive years is not sufficient, without residence for the whole of that term, to establish a settlement.

ASSUMPSIT, to recover for supplies furnished to James Wingate, a pauper, alleged to have his settlement in Freedom.

Said Wingate began to reside in Freedom the last of December, 1827, or the first of January, 1828, and continued there to reside until the 28th day of May, 1834, when he removed and did not return.

In the years 1828, 1834, and in each of the intermediate years, he was taxed in that town for his poll, having no property, and paid the taxes so assessed.

The parties agreed that if Wingate, by the facts stated, acquired a settlement in Freedom, the plaintiffs should recover judgment in this suit for $44.70, and costs; otherwise judgment to be rendered for the defendants.

*Hall,* for the plaintiff. Wingate was taxed and paid taxes the requisite number of years.

He did not reside in the town of Freedom the whole term of the seven years. N. H. Laws, tit. 69, chap. 3, sec. 8, edit. 1830; N. H. Laws, p. 363, sec. 8, edit. 1815; 10 N. H. Rep. 567, *Rumney* v. *Campton; id.,* p. 505, *Jaffrey* v. *Cornish.*

In these cases the assessment and payment of taxes gains a settlement, with the necessary residence to constitute the tax legal, for the reason that he has contributed to the wealth of the town, and acquired a claim for support.

The case is different where a settlement is gained by holding an office. In that case an actual residence is required, for the reason that personal services are

required, or a readiness at all times, during the year, to perform them by being so located that he could perform them.

*Dearborn,* for the defendants. In *Acworth* v. *Lyndeborough,* 2 N. H. Rep. 295, the pauper had been chosen surveyor of highways in Amherst, in March, 1802, and served in the office until April, 1803, when he removed from Amherst and became an inhabitant of another town. The official year began in June. While in Amherst he collected all the highway taxes. It was held that he did not gain a settlement, not having served a whole year. S. P. *Rumney* v. *Campton,* 10 do. 567.

In *Rochester* v. *Chester,* 3 N. H. Rep. 349, one owning real estate of the value of $150, and residing within the town four years, gains a settlement, although not taxed in that time. In *Wakefield* v. *Alton,* 3 N. H. Rep. 380, the payment of the taxes, without owning the land during the whole of the period of four years, was held insufficient. The like point was held in 14 Mass. 384.

In *Weare* v. *New-Boston,* 3 N. H. Rep. 303, it was decided that not only residence for several years, but payment of taxes during all that time, was necessary. *Burton* v. *Wakefield,* 4 N. H. Rep. 47, was to a like purport.

WOODS, J. The statute provides, that " any person, of the age of twenty-one years, who shall have resided in any town in this State, and being taxed for his poll for seven years in succession, shall have paid all taxes legally assessed upon his poll and estate during that term, shall thereby gain a settlement."

The pauper, in this case, resided less than seven years in the town of Freedom, but paid taxes for seven successive years, and the question is, whether the statute requires a residence for the whole period, or whether a residence for a part of the period be sufficient, if the party be

actually taxed for his poll and pay the taxes. The statute requires residence, and the payment of taxes for seven years, but does not, it is said, require the residence to continue through the whole period.

In *Wakefield* v. *Alton*, 3 N. H. Rep. 380, it was decided that in order to acquire a settlement by having real estate of the value of one hundred and fifty dollars, &c., and paying all taxes assessed on him and his estate for four years in succession, the ownership of the property and the payment of the taxes assessed must coëxist throughout the period of four years, and that it was not sufficient that the party paid the taxes, if, before the expiration of the period, he parted with the property. The court refer to a case in Massachusetts in which a similar point was decided.

In *Weare* v. *New-Boston*, 3 N. H. Rep. 203, there was a residence for seven years, but actual taxation for only a part of the time, and it was held not sufficient to establish a settlement.

These cases seem to furnish a rule for the construction of the statute, to the effect that the term of time mentioned in the clauses which were brought under examination, is intended to qualify the several acts required, as the conditions of gaining a settlement; and the clause is to be read, by repeating the words denoting the time, in connection with each of the acts required to be performed.

Such construction appears to be a reasonable one. If less than seven years' residence be deemed under the statute as sufficient, how much time is necessary? The requisition as to residence would be left in great uncertainty, and reasons might be found for holding that a residence for a short time on or about the first of April each year, would suffice for gaining a settlement, the legal condition of which is actual residence for seven consecutive years.

We are of the opinion that the proper construction of the statute is such as to require a residence for the full term of seven years, as well as taxation for that period.

According to the agreement, therefore, there must be
*Judgment for the defendant.*